IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**Margaret Robinson**
    **Plaintiff,**

vs.                                                     Case No.  2:20-cv-00152

**Capital One Bank (USA), N.A.**
    **Defendant.**

## COMPLAINT

1. The Plaintiff, Margaret Robinson, is a resident of West Virginia.

2. The Plaintiff is a person who falls under the protection of Article 2 of the West Virginia Consumer Credit and Protection Act (herein "WVCCPA") and is entitled to the remedies set forth in Article 5 of the WVCCPA.

3. The Defendant, Capital One Bank (USA), N.A., ("Capital One" or "Defendant") is a corporation having its principal offices in a state other than West Virginia and which does business in West Virginia.

4. The Defendant is a debt collector as defined by *West Virginia Code* §46A-2-122(d) engaging directly or indirectly in debt collection as defined by *West Virginia Code* §46A-2-122(c) within the State of West Virginia, including Kanawha County, West Virginia.

5. After the Plaintiff became in arrears upon the alleged indebtedness to the Defendant, upon Plaintiff's account with Capital One, the Defendant began to engage in collection of such indebtedness through the use of telephone calls placed to Plaintiff, including Plaintiff's cellular telephone, and by written communications, and did otherwise communicate with Plaintiff to collect the alleged debt.

6. The Plaintiff retained the undersigned counsel to represent Plaintiff's interest in connection with consumer indebtedness on which Plaintiff had become in arrears.

7. Thereafter, the Plaintiff informed the Defendant during a collection call placed by the Defendant to the Plaintiff on November 14, 2018 to not call her anymore. This notice would include a requirement not to call Plaintiff's cell phone anymore.

8. The Plaintiff, by informing the Defendant not to call, revoked any authorization to call the Plaintiff, including Plaintiff's cell phone, that the Defendant may have had.

9. The Plaintiff, by informing the Defendant not to call anymore, made all times and dates thereafter times and dates that are inconvenient for the Defendant to place calls to Plaintiff. Those times dates were readily apparent to the Defendant by nature of the Plaintiff's representation that she wished the Defendant to stop calling her altogether.

10. Thereafter, Defendant continued to cause telephone calls to be placed to the Plaintiff, including the Plaintiff's cell phone.

11. The Defendant, upon information and belief, called the Plaintiff, including the Plaintiff's cell phone, using an automated dialer system, or "ATDS."

12. The Defendant maintains records of each call placed to the Plaintiff by date, time called, duration of call, the identity of the Defendant's employee and notes or codes placed upon such record by the Defendant's employee.

13. Such records will reflect that the Defendant placed telephone calls to the Plaintiff's residential telephone number after it appeared that Plaintiff was represented by an attorney and the attorney's name and telephone number were known or could be reasonably ascertained.

## COUNT I

*VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT*

14. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

15. The Defendant has engaged in repeated violations of Article 2 of the *West Virginia Consumer Credit and Protection Act*, including but not limited to:

    a. engaging in unreasonable or oppressive or abusive conduct towards the Plaintiff in connection with the attempt to collect a debt by placing telephone calls to the Plaintiff after the Plaintiff has requested the Defendant stop calling the Plaintiff in violation of *West Virginia Code* §46A-2-125;

    b. causing Plaintiff's phone to ring or engaging persons, including the Plaintiff, in telephone conversations repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse or oppress the Plaintiff in violation of *West Virginia Code* §46A-2-125(d);

16. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## COUNT II

### VIOLATION OF THE WEST VIRGINIA COMPUTER CRIMES AND ABUSE ACT

17. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

18. The Plaintiff is a "person" as defined by *West Virginia Code* §61-3C-3(n), as Plaintiff is a "natural person."

19. The Defendant, Capital One Bank (USA), N.A., is a "person" as defined by *West Virginia Code* §61-3C-3(n), as Defendant is a "limited partnership, trust association or corporation."

20. The Defendant, with the intent to harass, used an "electronic communication device" as defined by *West Virginia Code* §61-3C-14a to make contact with the Plaintiff after being requested by Plaintiff to desist from contacting the Plaintiff, in violation of *West Virginia Code* §61-3C-14a(a)(2).

21. The Plaintiff was injured as a result of the violations of the *West Virginia Computer Crimes and Abuse Act* as set forth above.

22. Plaintiff seeks compensatory damages for injuries provided by *West Virginia Code* §61-3C-16(a)(1) and punitive damages pursuant to *West Virginia Code* §61-3C-16(a)(2).

23. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## COUNT III

### *VIOLATION OF TELEPHONE HARASSMENT STATUTE*

24. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

25. The Defendant made or caused to be made telephone calls to the Plaintiff causing Plaintiff's telephone(s) to ring repeatedly and continuously with the intent to annoy and harass the Plaintiff in violation of *West Virginia Code* §61-8-16(a)(3).

26. The Plaintiff was injured by Defendant's violation of *West Virginia Code* §61-8-16(a)(3). As Plaintiff was injured by Defendant's violation of *West Virginia Code* §61-8-16(a)(3), the Plaintiff has a civil cause of action for damages Plaintiff sustained by reason of said statutory violation pursuant to *West Virginia Code* §55-7-9, which so provides.

27. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## COUNT IV

### *COMMON LAW NEGLIGENCE*

28. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.
29. Defendant negligently failed to train, supervise, monitor or otherwise control its employees to ensure that its employees did not violate the WVCCPA as alleged in Count I.
30. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## COUNT V

### *INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

31. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.
32. The following conduct of Defendant was atrocious, intolerable and extreme so as to exceed the bounds of decency:
    a. Defendant placed telephone calls to Plaintiff after Defendant knew that Plaintiff requested the Defendant stop calling, in gross violation of the WVCCPA;

    b. Defendant has adopted policies and procedures without regard to West Virginia law, which violate West Virginia law and are designed to, or have the effect of, inflicting emotional distress upon consumers to coerce the consumer to pay money to the Defendant;

    c. Insofar as Defendant's violations of the WVCCPA are deemed to be "willful," pursuant to *West Virginia Code* §46A-5-103(4) such conduct is, as a matter of law, criminal conduct punishable by fine and/or imprisonment;

    d. Insofar as Defendant's conduct caused a phone to ring with the intent to harass, such conduct is criminal conduct pursuant to *West Virginia Code* §61-8-16(a)(3) punishable by fine and/or imprisonment;

    e. Insofar as Defendant's conduct of engaging in telephone conversation with Plaintiff undertaken with the intent to harass, such conduct is criminal conduct proscribed by *West Virginia Code* §61-8-16(a)(4) punishable by fine and/or imprisonment;

    f. Insofar as Defendant's conduct constituted knowingly allowing a phone under Defendant's control to be used to harass any person, such conduct is criminal conduct proscribed by *West Virginia Code* §61-8-16(b) punishable by fine and/or imprisonment.

33. As a result of the Defendant's actions, the Plaintiff has suffered emotional distress.

34. As a result of the Defendant's actions, the Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## COUNT V

### *COMMON LAW INVASION OF PRIVACY*

35. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

36. The Plaintiff had, and has, an expectation of privacy to be free from harassing and annoying telephone calls within the confines of Plaintiff's home.

37. The acts of the Defendant in placing telephone calls to Plaintiff's home telephone number invaded, damaged and harmed Plaintiff's right of privacy.

38. As a result of the Defendant's actions, the Plaintiff suffered emotional distress.

39. As a result of the Defendant's action, the Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## COUNT VI

### *Violations of the Telephone Consumer Protection Act*

40. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

41. The Defendant used a predictive or otherwise automated dialer system to call the Plaintiff.

42. The predictive dialer system resulted numerus calls being placed by the Defendant to the Plaintiff's cell phone

43. The Plaintiff removed any consent that may have existed to call the Plaintiff's cell phone by the act of Plaintiff asking the Defendant to stop calling Plaintiff during a telephone call the Defendant placed to the Plaintiff.

44. As a result of the Defendant's actions, Defendant has repeatedly violated the Telephone Consumer Protection Act 47 USCS § 227(b)(1) by:

    a. Making calls to the Plaintiff's cellular telephone by means of an automatic dialing system.

45. The Defendant's violations of the *Telephone Consumer Protection Act* were willful to the extent the Plaintiff repeatedly removed her consent to call her cell phone, and the Defendant ignored her.

46. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

**DEMAND FOR RELIEF**

Plaintiff demands from the Defendant:

a. Actual damages for the violations of the WVCCPA as authorized by *West Virginia Code* §46A-5-101(1) for all such violations that occurred up to the date and time of the filing of this Complaint;

b. Statutory damages in the maximum amount authorized by *West Virginia Code* §46A-5-101(1) as adjusted for inflation pursuant to *West Virginia Code* §46A-5-106 for all such violations that occurred up to the date and time of the filing of this Complaint;

c. Plaintiff's cost of litigation, including attorney fees, court costs and fees, pursuant to *West Virginia Code* §46A-5-104;

d. The Plaintiff be awarded general damages for the Defendant's negligence as alleged in Count II of the Complaint;

e. $500 per violation of the *Telephone Consumer Protection Act* as provided for in in 47 USCS § 227(b)(3)(B);

f. $1,500 per violation of the *Telephone Consumer Protection Act* to the extent the violations were willful violations of 47 USCS § 227(b)(3)(C);

g. The Plaintiff be granted general damages and punitive damages for Defendant's conduct alleged in Count II, III, IV, and V;

h. Such other relief as the Court shall deem just and proper under the attendant circumstances.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

                                          **MARGARET ROBINSON**
                                          BY COUNSEL

BY:   /s/Benjamin M. Sheridan
        Benjamin M. Sheridan (# 11296)
        Megan Patrick (# 12592)
        *Counsel for Plaintiff*
        Klein & Sheridan, LC
        3566 Teays Valley Road
        Hurricane, WV 25526
        (304) 562-7111
        bsheridan@kleinsheridan.com
        Fax: (304) 562-7115